**UNITED STATES of America**

v.

**Alvin DOWDEN.**

**Crim. A. No. 14098.**

United States District Court
W. D. Louisiana, Shreveport Division.

April 5, 1956.

T. Fitzhugh Wilson, U. S. Atty., Shreveport, La., Q. L. Stewart, Asst. U. S. Atty., Shreveport, La., for the government.

Watson & Williams, Natchitoches, La., for defendant.

DAWKINS, Jr., Chief Judge.

A tiny tempest in a tinier teapot has brought forth here all the ponderous powers of the Federal Government, mounted on a Clydesdale in hot pursuit

of a private citizen who shot a full-grown deer in a National Forest.

Not content with embarrassing defendant by this prosecution, and putting him to the not inconsiderable expense of employing counsel, the Government has compounded calumny by calling the poor dead creature a "fawn". Otherwise fully equipped with all the accouterments of virile masculinity, the deceased, alas, was a "muley". Unlike other young bucks, who could proudly preen their points in the forest glades or the open meadows, this poor fellow was foredoomed to hide his head in shame: by some queer quirk of Nature's caprice, he had no horns, only "nubbins", less than an inch in length.

Instead of giving him a quiet, private interment and a "requiescat in pace", which decency should have dictated as his due, the Government has filed his blushing head in evidence for all to see. Pointing to the lack of points, to prove its point, it now insists that, whatever his status may have been in other climes, in Louisiana our departed friend is officially puerile.

All this—requiring the services of five game agents, two biologists, the opposing attorneys, the United States Marshal and three Deputies, the Clerk, Court Reporter, and a Federal Judge who is a little tired of such matters—stems at least partly from the failure of the Louisiana Legislature to reckon wisely with the exceptional or unusual.

Prosecution proceeds upon 18 U.S.C. § 13 which provides:

"Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment."

The Louisiana Statutes Annotated—Revised Statutes, Title 56:124(1), stipulate, in pertinent part:

"No person shall:

"(1) Take any *fawn (a deer with horns less than three inches long)* or any doe (a female wild deer), at any time; or a wild deer at any time when driven to the high lands by overflow or high water." (Empasis supplied.)

Evidently relying on some uncanny prescience instead of his eyesight for his judgment of the deer, or perhaps having trusted to luck—which was with him—or a proper profile view, defendant slew the animal at some forty paces in the Kisatchie National Forest on December 10, 1953. Soon the law had him in its clutches, but because the authorities obviously were unsure of their ground, formal charges were not filed here until February 24, 1955. Meanwhile, a State Grand Jury, having jurisdiction over the heinous offense, had refused to indict. Trial in this Court has been delayed until now by slightly weightier matters and by several continuances engendered by fruitless efforts of counsel to stipulate the facts.

Finally and inexorably, jury trial having been formally waived and that expense at least avoided, Nimrod's case has been heard and he is found *not* wanting:

1. The object of our inspection was not less than sixteen months, nor more than eighteen months, old. His teeth told the tale.

2. He was no doe, or psuedo-doe. *All* witnesses agree on this.

3. Except for his unfortunate looks, which he couldn't help, he was "all man". He could have and may have become the father of a fawn.

4. He weighed some 90 to 100 pounds on his cloven hooves, and 57 pounds dressed, or rather, undressed. Deer on Government lands apparently aren't as

well nourished, and don't grow as large, as elsewhere.

5. Biologically he was a buck, not a fawn, who in strictly female company would have had to bow to no critic. His handicap actually was one only upon having to fight for the affections of the distaff side. What he lacked in weapons, he could have made up for in celerity, dexterity or finesse.

In all *important* respects, therefore, notwithstanding the Louisiana Legislature, which may be forgiven for its ignorance, Buck has been grossly slandered. He never should have been dubbed arbitrarily as a "fawn". He was no baby and was not even a sissy.

It necessarily follows that if Buck is not guilty, neither is Alvin, who is acquitted and discharged *sine die*.